NOT DESIGNATED FOR PUBLICATION

Nos. 116,999
117,000

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID L. HOGAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed September 29, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before BRUNS, P.J., MCANANY, J., and HEBERT, S.J.

PER CURIAM: David L. Hogan appeals the decision of the district court revoking his probations in two cases and ordering him to serve his underlying sentences. We granted Hogan's motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State joined in Hogan's motion for summary disposition. After considering the matter, we conclude that the district court did not abuse its discretion in revoking Hogan's probations and sending him to prison to serve his sentences because he admitted that he committed a new crime.

In 2015 Hogan pled guilty to robbery and theft. The district court sentenced him to a controlling term of 34 months in prison but granted him probation for 36 months.

1

In 2016 Hogan pled guilty to making a false information and interference with a law enforcement officer. The district court held a joint sentencing hearing in the 2016 case and a probation revocation hearing in the 2015 case.

In Hogan's 2016 case he was sentenced to a controlling term of 17 months in prison, consecutive to his sentence in his 2015 case, but the court granted him probation for 18 months. In Hogan's 2015 case he admitted violating his probation, and the court imposed a two-day quick dip sanction.

Several months later, the State sought to revoke Hogan's probation in both cases because he had committed new crimes including criminal trespass and theft. At the hearing that followed, Hogan stipulated to violating the terms of his probations by committing these new crimes. The district court revoked his probations and ordered him to serve his underlying prison sentences. The court noted that under K.S.A. 2016 Supp. 22-3716(c)(8)(A), there was no need to impose a graduated sanctions because of Hogan's admission that he committed new crimes. Hogan's appeal brings the matter to us.

On appeal Hogan contends the district court abused its discretion by revoking his probations and imposing the underlying prison sentences, but he provides no reason for his assertion.

Unless otherwise required by law, probation is granted as a privilege and not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has established that a probation violation has occurred, the decision whether to revoke probation rests in the sound discretion of the district court. *State v. Brown*, 51 Kan. App. 2d 876, 879, 357 P.3d 296 (2015), *rev. denied* 304 Kan. 1018 (2016). A court abuses its discretion if its action is arbitrary, fanciful, or unreasonable, or if it is based on an error of law or fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). Hogan does not contend that the district court's action was based on an error of law or fact. He has the

burden of proving the revocation constituted an abuse of discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

K.S.A. 2016 Supp. 22-3716(c)(1)(A)-(D) provides that if a defendant violates the conditions of probation, the district court must impose a graduated intermediate sanction before revoking probation absent one of the statutory exceptions. One of the exceptions is when the offender commits a new felony or misdemeanor offense while on probation. K.S.A. 2016 Supp. 22-3716(c)(8)(A). Here, Hogan admitted, and the district court found, that he committed new crimes while on probation, so this exception to the imposition of an intermediate sanction applied. Thus, the district court was permitted to revoke Hogan's probations and impose his underlying sentences. See *State v. Gumfory*, 281 Kan. 1168, Syl. ¶ 1, 135 P.3d 1191 (2006).

The court's decision to revoke Hogan's probations was not arbitrary, fanciful, or unreasonable. Accordingly, we find no abuse of the district court's discretion in revoking Hogan's probations and imposing his underlying prison sentences.

Affirmed.